UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| CANDY ANGELL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC., a Virginia Corporation; RALPH BRACKETT, an Individual; MICHAEL PUCKETT an individual; and UNION TANK CAR COMPANY, an Illinois Corporation,<br><br>Defendants. | Civil Action No. _____<br><br>Removed from the<br>Circuit Court for<br>Blount County, Tennessee<br>Case No. L-19942 |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Please take notice that defendant CSX Transportation, Inc. ("CSXT") hereby removes this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 with full reservation of any and all defenses and objections.

In support of this notice, CSXT respectfully submits as follows:

1. On June 29, 2018, 394 plaintiffs filed a complaint against CSXT, Union Tank Car Company ("UTLX"), and CSXT employees Michael Puckett and Ralph Brackett in the Circuit Court for Blount County, Tennessee, Civil Action No. L-19942.

2. On July 9, 2018, the summons and complaint in the above referenced matter were served upon CSXT's registered agent by certified mail.

3. Removal is timely pursuant to 28 U.S.C. § 1446(b), in that CSXT filed this Notice of Removal within 30 days after CSXT received a copy of the complaint setting forth the claims for relief upon which this action is based.

4. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings and orders served upon CSXT are attached as Exhibit 1.

5. The Circuit Court for Blount County, Tennessee, is located within the Northern (Knoxville) Division of the United States District Court for the Eastern District of Tennessee.

6. As shown below, this Court has jurisdiction of this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(11), in that this "mass action" is removable because it proposes to try jointly the monetary relief claims of more than 100 plaintiffs on the ground that their claims involve common questions of law or fact, plaintiffs' monetary claims exceed $5,000,000 in the aggregate, and minimal diversity of citizenship exists between the plaintiffs and defendants.

7. By removing the action to this Court, CSXT does not admit any facts alleged in the complaint, or waive any defenses, objections, or motions available to it under state or federal law. CSXT expressly reserves the right to challenge the adequacy of the allegations in the complaint. *See Key v. DSW Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1395 (3d ed. 1998) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections.").

8. Pursuant to 28 U.S.C. § 1446(d), CSXT served a copy of this Notice on plaintiffs, and filed a copy of this Notice with the clerk of court for this Court and with the clerk of court for the Circuit Court for Blount County, Tennessee.

9. Co-defendants UTLX, Michael Puckett, and Ralph Brackett consent to removal of this action.[1]

## THE COURT HAS JURISDICTION UNDER THE
## CLASS ACTION FAIRNESS ACT OF 2005

10. Removal of this action is authorized under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. §§ 1332(d) and 1453.

11. Under CAFA, a federal court has jurisdiction over a "mass action" filed in state court that otherwise satisfies CAFA's requirements for removal of a class action. 28 U.S.C. § 1332(d)(11)(A). CAFA defines a mass action to include "any civil action … in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." § 1332(d)(11)(B)(i).

12. There are four threshold requirements for removal under CAFA's mass action provision: "(1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1202–03 (11th Cir. 2007). Each requirement is satisfied here.

---

[1] In consenting to CSXT's removal of this action, these defendants do not waive any defenses, objections, or motions available to them.

3

Case 3:18-cv-00313-TAV-DCP   Document 1   Filed 07/31/18   Page 3 of 8   PageID #: 3

### The Numerosity Requirement Is Met

13. In this action, 394 plaintiffs join together to adjudicate their claims in a single proceeding against the defendants. Compl. ¶¶ 1-394.

14. Each plaintiff seeks compensatory damages in an "amount greater than Twenty-five Thousand Dollars ($25,000)" for "real property damage, personal property damage, loss of income, out of pocket expenses, loss of use and enjoyment of property, aggravation and inconvenience, and fear, anxiety, and mental anguish." *Id.*, Prayer for Relief ¶ 1.

15. Plaintiffs also seek an award of punitive damages "in an amount greater than One Million Dollars ($1,000,000)," with each individual claim exceeding $50,000 at a minimum. *Id.* ¶ 2 (citing Tenn. Code Ann. § 29-39-104(a)(5)).

16. Because this action involves the monetary claims of more than 100 plaintiffs, CAFA's numerosity requirement is satisfied.

### The Amount in Controversy Exceeds $5,000,000

17. Plaintiffs' compensatory damages claims alone are sufficient to meet the aggregate amount in controversy requirement. Because each plaintiff seeks to recover an amount greater than $25,000, the aggregate amount in controversy as expressly alleged exceeds $9,850,000.

18. Plaintiffs' punitive damages claims, whatever their ultimate merits, further increase the amount in controversy.

19. Plaintiffs indicate in the Complaint that they intend to seek punitive damages beyond the limits normally imposed by Tennessee's statutory cap on punitive damages. *Id.* Under Tennessee law, punitive damages are normally capped at either "Two (2) times the total amount of compensatory damages awarded" or "Five hundred thousand dollars ($500,000)" per

4

Case 3:18-cv-00313-TAV-DCP   Document 1   Filed 07/31/18   Page 4 of 8   PageID #: 4

claimant. T. C. A. § 29-39-104(a)(5). At a minimum, then, each plaintiff seeks more than $50,000 in punitive damages.

20. Plaintiffs therefore assert individual claims of more than $75,000 and an aggregate amount in controversy of more than $29,550,000.

21. The aggregate amount in controversy in this case far exceeds the $5,000,000 threshold necessary for removal under CAFA.

**The Parties Are At Least Minimally Diverse**

22. There is at least minimal diversity in this action.

23. According to the complaint, plaintiffs are all residents and citizens of Tennessee. Compl. ¶¶ 1-394.

24. Defendant CSXT is a Virginia corporation with its principal place of business in the State of Florida. *Id*. ¶ 395. As such, for purposes of diversity jurisdiction, CSXT is a citizen and resident of the states of Virginia and Florida.

25. Defendant UTLX is a Delaware corporation with its principal place of business in Illinois. *Id*. ¶ 398. It is therefore a citizen and resident of the states of Delaware and Illinois.

26. Defendants Michael Puckett and Ralph Brackett are both citizens and residents of Tennessee. *Id*. ¶¶ 396-97.

27. There is thus minimal diversity between CSXT and the plaintiffs. *See* 28 U.S.C. § 1332(d)(2)(A) (the diversity requirement of CAFA is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**Plaintiffs Allege That Their Claims Involve Common Questions of Law or Fact**

28. Plaintiffs brought this "joint action" in Tennessee state court to collectively assert individual claims allegedly "arising out of the same occurrence including questions of law and fact common to all … Plaintiffs." Compl., Nature of the Action ¶ 1.

29. Each plaintiff purports to assert near-identical claims for private nuisance, negligence, and punitive damages allegedly arising from a train derailment that happened in Maryville, Tennessee on or about July 1, 2015. *Id.*

30. Following the derailment, plaintiffs claim they each sustained injuries in the form of "real property damage, personal property damage, loss of income, out of pocket expenses, loss of use and enjoyment of property, aggravation and inconvenience, and fear, anxiety, and mental anguish." *Id.*, Prayer for Relief ¶ 1.

31. Plaintiffs assert what they claim to be common factual allegations regarding the alleged acts or omissions of the defendants that purportedly resulted in the train derailment and allegedly contributed to plaintiffs' injuries.

32. This action also purports to raise common questions of law concerning, for example, whether plaintiffs' claims are preempted or otherwise barred in whole or in part by the affirmative defenses of any defendant.

33. Accordingly, plaintiffs' claims satisfy the commonality requirement for removal of a mass action under CAFA.

**This Mass Action Is Properly Removed To This Court**

34. Because this action involves monetary claims totaling more than $5,000,000 in the aggregate, brought by more than 100 plaintiffs who are at least minimally diverse to the defendants, and raising common questions of law and fact, this action meets the definition of a

6

Case 3:18-cv-00313-TAV-DCP   Document 1   Filed 07/31/18   Page 6 of 8   PageID #: 6

"mass action" under CAFA and is a removable action over which this court has jurisdiction. 28 U.S.C. § 1332(d)(11)(A).

35. Because subject matter jurisdiction exists under 28 U.S.C. § 1332(d), this action is removable pursuant to 28 U.S.C. § 1453.

**WHEREFORE,** CSXT hereby respectfully gives notice that the above action, formerly pending against it in the Circuit Court for Blount County, Tennessee, is removed to the United States District Court for the Eastern District of Tennessee.

July 31, 2018                                   Respectfully submitted,

/s/ John W. Baker, Jr., TN BPR #001261
Emily L. Herman-Thompson, TN BPR #021518
BAKER, O'KANE, ATKINS & THOMPSON, PLLP
2607 Kingston Pike, Suite 200
PO Box 1708
Knoxville, TN 37901-1708
Office: (865) 637-5600
Fax: (865) 637-5608
E-Mail: jbaker@boatlf.com
E-Mail: ethompson@boatlf.com

Scott L. Winkelman (to be admitted *pro hac vice*)
April N. Ross (to be admitted *pro hac vice*)
CROWELL & MORING, LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
Office: (202) 624-2500
Fax: (202) 628-5116
E-mail: swinkelman@crowell.com
E-mail: aross@crowell.com

*Counsel for CSX Transportation, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ John W. Baker, Jr.
John W. Baker, Jr., TN BPR #001261
BAKER, O'KANE, ATKINS & THOMPSON, PLLP
2607 Kingston Pike, Suite 200
PO Box 1708
Knoxville, TN 37901-1708
Office: (865) 637-5600
Fax: (865) 637-5608
E-Mail: jbaker@boatlf.com
*Counsel for CSX Transportation, Inc.*