UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| CANDY ANGELL, ET AL., | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:18-cv-313-TAV-DCP |
| | ) | | |
| CSX TRANSPORTATION, INC., ET AL., | ) | | |
| | ) | | |
| Defendants | ) | | |
| | ) | | |
| CHARLES TIPTON, *et al.* | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:15-cv-311-TAV-DCP |
| | ) | | |
| UNION TANK CAR COMPANY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **ORDER APPROVING PROCEDURE TO SETTLE AGGREGATE CASES**

The Parties, by and through counsel, have filed a Joint Motion for Court Approval of Procedure to Settle Aggregate Cases in the above-styled matters [*Angell* Doc. 31], [*Tipton* Doc. 443], and appeared before the undersigned on August 7, 2019.

WHEREAS, The Parties seek approval to resolve the property damage claims of the Plaintiffs against Defendants CSX Transportation, Inc. ("CSX") and Union Tank Car Company ("Union Tank") in these cases as aggregate settlements in accordance with Tenn. Sup. Ct. R 8, RPC 1.8(g) and a proposed Property Claim Resolution Procedure.

WHEREAS, in late 2018 and early 2019, a tentative settlement was reached with CSX for a confidential sum to be paid into a Court established Qualified Settlement Fund

("QSF") with respect to the property damage claims of the Plaintiffs in the *Angell* case (the "CSX Property Plaintiffs").  Following town hall meetings held in March of 2019, by Edgar C. Gentle, III, Esq., the Settlement Special Master ("Special Master"), some CSX Property Plaintiffs have signed an agreed Release in exchange for their share of payments from a Written Settlement Grid in accordance with Tenn. Sup. Ct. R 8, RPC 1.8(g), whereas some have not.

WHEREAS, Union Tank has agreed to pay a confidential sum into the QSF to resolve the property damage claims of the Plaintiffs in the *Tipton* and *Angell* cases (the "Union Tank Property Plaintiffs") in exchange for an agreed Release.  The Special Master is drafting a Written Settlement Grid for the purpose of obtaining agreed Releases in exchange for each Plaintiff's share of the settlement proceeds in accordance with Tenn. Sup. Ct. R 8, RPC 1.8(g).

IT IS THEREFORE **ORDERED** that the Motion is **GRANTED**.

1. Plaintiffs shall provide the Union Tank Property Plaintiffs with no less than thirty (30) days after receipt of written notice of the Union Tank Property Settlement and the Written Settlement Grid to agree to participate in the Union Tank Settlement by completing a Release in exchange for an agreed Settlement amount under the Written Settlement Grid.

2. Once the Parties have obtained as many Releases from the Union Tank Property Plaintiffs and CSX Property Plaintiffs as possible, the Union Tank Property Plaintiffs not agreeing to participate (the "Non-Consenting Union Tank Property

2

Plaintiffs") and the CSX Property Plaintiffs not agreeing to participate (the "Non-Consenting CSX Property Plaintiffs") shall be subject to the following Withdrawal Hearing Procedure:

    a.    The Non-Consenting Union Tank Property Plaintiffs and the Non-Consenting CSX Property Plaintiffs will be given notice of a hearing before this Court at which they may appear and be provided a final opportunity to accept the terms of the Union Tank Property Settlement and CSX Property Settlement by executing a Release in exchange for their share of the applicable Settlement Grid amount. Plaintiffs' counsel will also, pursuant to LR 83.4, file a motion with the Court requesting permission to withdraw as counsel of record for these Non-Consenting Plaintiffs.

    b.    If Non-Consenting Plaintiffs (1) do not appear at the hearing or (2) do not agree at the hearing to provide a Release and participate in the applicable Settlement(s), their cases against CSX or Union Tank, as applicable, would be dismissed without prejudice, with leave to refile their case within sixty (60) days. Further, Plaintiffs' counsel shall be allowed to withdraw from representation of all Non-Consenting Plaintiffs.

    c.    If the Non-Consenting Plaintiff so dismissed without prejudice does not refile his or her case within sixty (60) days, then his or her case shall be dismissed with prejudice by this Court.

3. Union Tank and CSX shall pay the agreed upon Settlement Funds in full into the QSF to be distributed to those Property Plaintiffs who execute Releases and have their cases dismissed with prejudice. After all Property Plaintiffs have been paid and all claims of Non-Consenting Plaintiffs have been dismissed with prejudice as set out in Paragraph 2 herein, any Settlement Funds remaining in the QSF shall be distributed pro rata to the Property Plaintiffs who executed Releases. If any Non-Consenting Plaintiffs refile their case within the sixty (60) day period provided for herein, CSX's and Union Tank's share of any Settlement Funds that remain undistributed shall be returned to CSX and Union Tank, respectively.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE